**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MIREL LANDAU, on behalf of herself and all others similarly situated,<br><br>      Plaintiffs,<br><br>  -against-<br><br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>      Defendant. | **CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

  Plaintiff Mirel Landau ("Plaintiff") brings this action against Defendant Midland Credit Management ("Defendant" or "MCM"), both on an individual basis and on the behalf of all others similarly situated pursuant to Fed. R. Civ. P. Rule 23, and alleges based upon Plaintiff's personal knowledge, the investigation of counsel, and upon information and belief, as follows:

### PRELIMINARY STATEMENT

  1. In 1977 Congress enacted Title 15 of the United States Code § 1692 *et seq.*, commonly referred to as the Fair Debt Collection Practices Act ("FDCPA") in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id*. Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

  2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "ensure that those debt collectors who refrain from using

abusive debt collection practices are not competitively disadvantaged." *Id*.; § 1692(e). After determining that the existing consumer protection laws were inadequate, Congress gave consumers a private cause of action against debt collectors who failed to comply with the Act. *Id*.; § 1692k.

3. Thus, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc.,* 516 F.3d 85, 91 (2d Cir. 2008).

4. In determining whether a collection letter violates the FDCPA, courts in the Second Circuit apply the "least sophisticated consumer standard." *Jacobson*, 516 F.3d at 91. In applying this standard, it is not relevant whether the particular debtor was confused by the communication that was received. *See Jacobson,* 516 F.3d at 91.

5. Under the least sophisticated consumer standard, a collection letter violates the FDCPA where the letter contains language that is "open to more than one reasonable interpretation, at least one of which is inaccurate." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993).

6. In recovering damages under the FDCPA, a consumer need not show that the conduct or communication made by the debt collector was intentional. *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 1993). Rather, the FDCPA is a strict liability statute, and a single violation is sufficient to establish civil liability against the debt collector. *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60 (2d Cir 1993).

**JURISDICTION AND VENUE**

7. The Court has jurisdiction over this action under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides and where a substantial part of the events or omissions giving rise to the claim occurred.

## PARTIES

9. Plaintiff is a natural person and a resident of Brooklyn, New York.

10. Plaintiff is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

11. Upon information and belief, Defendant's principal place of business is located at 350 Camino De La Reina, Suite 300, San Diego, California 92108 and their designated agent for service of process C/O Corporation Service Company is located at 80 State Street, Albany New York, 12207-2543.

12. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile, and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

13. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

14. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

15. The Class consists of:

(a) all individuals with addresses in the state of New York;

(b) to whom Defendant MCM sent a collection letter attempting to collect a consumer debt on behalf of Midland Funding LLC;

(c) which offered the consumer three (3) payment options;

(d) referred to such payment options as a "discount program"; and

(d) which was sent on or after a date one (1) year prior to the filing of this action.

16. Excluded from the Class are Defendant and all officers, members, partners, managers, directors, and employees of Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate**: Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether Defendant's written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. § 1692e.

   c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

   d. **Adequacy**: The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither Plaintiff nor Plaintiff's counsel has any interests

which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collects and/or have purchased debts.

19. Depending on the outcome of further investigation and discovery, Plaintiff reserves the right to amend the class definition.

## STATEMENT OF FACTS

20. Some time prior to June 12, 2019, a purported debt was incurred to Capital One, N.A. ("Capital One").

21. The purported debt owed to Capital One arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

22. The purported Capital One obligation is a "debt" as defined by 15 U.S.C.§1692a(5).

23. Capital One is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

24. On or about June 12, 2019, Defendant sent a collection letter (the "Letter") to

Plaintiff regarding the alleged debt. *See* Exhibit A.

25. Plaintiff received the Letter and read it.

26. The Letter stated an outstanding balance of $25,764.43.

27. The Letter stated in part: "Congratulations! You have been pre-approved for a discount program designed to save you money. Act now to maximize your savings and put this debt behind you…"

28. This statement was immediately followed with three (3) payment options displayed as follows:

```
Option 1: 70% OFF                                               You Pay Only
Payment Due Date: 07-12-2019                                      $7,729.33

Option 2: 50% OFF                               12 Monthly Payments of Only
First Payment Due Date: 07-12-2019                                $1,073.52

Option 3: Monthly Payments As Low As:
† Call today to discuss your options and get more details.    $50 per month†
```

29. Under a plain reading of the Letter, options 1, 2, and 3 are offered as discount programs designed to save the consumer money.

30. The least sophisticated consumer would believe that if she accepted option 3, she would be receiving a discount on the current balance.

31. Upon information and belief, Plaintiff would not pay less than the current amount due if she accepted option 3.

32. Therefore, option 3 is not an offer of a "discount."

33. As such, Defendant's statement is false, deceptive, and misleading.

34. Defendant's conduct harmed Plaintiff.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e *et seq*.

35. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

36. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

37. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

38. Defendant violated said section by making a false and misleading representation in violation of § 1692e(10).

39. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated § 1692e *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a class action and certifying Plaintiff as Class representative and the undersigned as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

    (f)    Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: June 12, 2020        **COHEN & MIZRAHI LLP**

                             /s/ Joseph H. Mizrahi
                            JOSEPH H. MIZRAHI

JOSEPH H. MIZRAHI
JONATHAN B. WEISS
300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201
Telephone: 929/575-4175
929/575-4195 (fax)
joseph@cml.legal
jonathan@cml.legal

*Attorneys for Plaintiff*